## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

206 Golden, LLC dba                                   Case No.: 8:21-bk-04780-MGW
The Crossroads,

                                                    Chapter 7

        Debtor.

_____/

DOUGLAS N. MENCHISE, Chapter 7 Trustee,

        Plaintiff.

v.                                                    Adv. Pro. No. 8:22-ap-_____-MGW

Karl E. "KC" Cross, Payroll
Processing & Personnel LLC,
T K Practitioners, LLC, and Volunteer
Properties of Davenport, LLC, Senior
Care CF, LLC, N969KT, LLC,
and Eagle Healthcare, LLC.,

        Defendants.

_____/

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
## AND FRAUDULENT TRANSFERS AND FOR DECLARATORY RELIEF

         Douglas N. Menchise, as Chapter 7 Trustee for the estate of 206 Golden, LLC, d/b/a The

Crossroads, (hereinafter "Trustee"), pursuant to 11 U.S.C. §§ 544, 547, 548, and 550, and 28

U.S.C. § 2201, and other applicable law, hereby files this Complaint to Avoid and Recover

Preferential and Fraudulent Transfers and for Declaratory Relief as against Karl E. Cross ("KC

Cross") and Eagle Healthcare, LLC ("Eagle Healthcare"), Senior Care CF, LLC ("Senior Care"),

Payroll Processing & Personnel, LLC ("PPP LLC"), T K Practitioners, LLC ("TK

Practitioners"), N969KT, LLC ("N969KT"), and Volunteer Properties of Davenport, LLC

("Volunteer Properties") (collectively, the "Cross Entities") and to disallow any claims asserted

1

by the Cross Entities as against the Debtor's estate.  In support thereof, the Trustee alleges, upon information and belief, that:

## NATURE OF THE CASE

1.      The Trustee seeks a declaratory judgment that the Debtor was a mere instrumentality or alter ego of KC Cross and the Cross Entities pursuant to 28 U.S.C. § 2201. Alternatively, the Trustee seeks to avoid and recover from the Cross Entities, or from any other person or entity for whose benefit the transfers were made, all preferential and fraudulent transfers of property for the benefit of an insider that occurred during the respective one, two, and four-year avoidance periods prior to the commencement of the above-captioned bankruptcy case of the Debtor pursuant to sections 544, 547, 548, and 550 of title 11 of the United States Code.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11, in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), captioned *In re 206 Golden, LLC, d/b/a The Crossroads*, Case No. 8:21-bk-04780-MGW, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are sections 544, 547, 548, and 550 of the Bankruptcy Code, 28 U.S.C. § 2201, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4.      This adversary proceeding is a "core" proceeding to be heard and determined by

the Court pursuant to 28 U.S.C. § 157(b)(2).  The Trustee consents to entry of final orders and judgment by the Court.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

6.     The Debtor is a limited liability company who had its principal place of business in Davenport, Florida.

7.     Defendant, Karl E. "KC" Cross is an individual resident of Fort Lauderdale, Florida and is the owner of the Cross Entities.

8.     Defendant, Eagle Healthcare, LLC, is a Delaware Limited Liability Company with its principal place of business at 2805 E. Oakland Park, Suite 106, Fort Lauderdale, Florida 33306.

9.     Defendant, Senior Care CF, LLC, is a Delaware Limited Liability Company with its principal place of business at 3550 Powerline Road, Oakland Park, Florida 33309.

10.     Defendant, Payroll Processing & Personnel, LLC, is a Florida Limited Liability Company with its principal place of business at 3550 Powerline Road, Oakland Park, Florida 33309.

11.     Defendant, T K Practitioners, LLC, is a Florida Limited Liability Company with its principal place of business at 3550 Powerline Road, Oakland Park, Florida 33309.

12.     Defendant, Volunteer Properties of Davenport, LLC, is a Florida Limited Liability Company with its principal place of business at 3550 Powerline Road, Oakland Park, Florida 33309.

13.     Defendant, N969KT, LLC, is an Oregon Limited Liability Company with its principal place of business at 22590 Nelson Road, Bend, Oregon 97701, and a mailing address of 3550 Powerline Road, Oakland Park, Florida 33309.

## PROCEDURAL BACKGROUND

14.     On or about September 17, 2021 (the "Petition Date"), 206 Golden, LLC, d/b/a The Crossroads ("Debtor"), filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.  [ECF No. 1].

15.     On October 15, 2021, the above-captioned case was converted from Chapter 11 to Chapter 7.  [ECF Nos. 44, 45].  Thereafter, the Trustee was appointed as Chapter 7 trustee.  [ECF No. 45].

16.     Consequently, the Trustee has standing to pursue all claims and causes of action belonging to the Debtor and on behalf of the Estate pursuant to Bankruptcy Code sections 544, 547, 548, and 550, and 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

17.     On or before August 19, 2004, KC Cross, by and through entity he owned or controlled—Quality Life Management, LLC ("QLM LLC")—took ownership of a nursing home located at 206 West Orange Street, Davenport, Florida 33837, which did business thereafter as "The Crossroads."  QLM LLC's mailing address is 4700 Sheridan Street, Suite B, Hollywood, Florida 33021.

18.     On or about October 11, 2013, the Debtor was nominally organized by Joyce Plourde ("Plourde")—with the assistance of counsel and operations associated with and

4

controlled by KC Cross and the Cross Entities.  The Debtor was a limited liability company in Delaware with its principal office at 4700 Sheridan Street, Suite B-309, Hollywood, Florida 33021.  On October 28, 2013, the Debtor registered as a foreign limited liability company with the Florida Department of State.

19.     Prior to organizing the Debtor, Plourde worked with and for KC Cross and has known KC Cross for approximately thirty (30) years.

20.     On or about March 26, 2014, the Cross Entities gave Plourde, via the Debtor,  the operations of the nursing home located at 206 West Orange Street, Davenport, Florida 33837, which continued doing business as "The Crossroads."  The Debtor filed a Change of Ownership with the Agency for Healthcare Administration to support the claimed ownership transition from KC Cross's entity to the Debtor with March 26, 2014, as the effective date of the transition.

21.     Between March 26, 2014, and May 2, 2021 (the "Operations Period"), the Debtor utilized the Cross Entities to provide substantially all of the Debtor's necessary operational support and services, including accounting, consulting, personnel and human resource functions, transportation, and the provision of personal services and supplies.

22.     In practice, the Cross Entities provided all or virtually all of the Debtor's operational needs controlling all aspects of finances and operations during the Operations Period. As a result, the Cross Entities dominated and controlled the Debtor.  Through the provision of these services, the Cross Entities generated debts that the Debtor paid during the Operations Period and controlled the Debtor and all facets of its operations, including control over the Debtor's bank account and payment of their own debts, which exceeded reasonable market rates for such services and goods.  As a result, the Cross Entities were able to consume all available profits, thereby leaving the Debtor with low amounts of capital to sustain its operations.  In order

for the Debtor to generate sufficient revenues to cover the Cross Entities' non-market rates for their services and goods, the Cross Entities caused the Debtor to engage in cost-saving measures such as the procurement of a commercial general liability insurance policy that had unreasonably low coverage limits.

23.    The Cross Entities' control over the Debtor and its property did not cease at the end of the Operations Period.  When the Debtor purportedly transferred its operations to Center for Aging and Rehabilitation of Davenport, Inc. ("CARD").  CARD hired the same accountants as the Debtor—TK Practitioners—who facilitated transfers of substantial amounts of cash from the Debtor's bank accounts to CARD's bank accounts.

24.    Upon information and belief, the only corporate formality Plourde and the Debtor followed was the filing of annual reports between October 28, 2013, and June 8, 2020.

25.    In light of KC Cross' and the Cross Entities' domination and control of the Debtor, the Debtor was a mere instrumentality or alter ego of KC Cross and the Cross Entities and used in a fraudulent purpose, rendering the operations and the property interests of KC Cross and the Cross Entities to be property of the Debtor's bankruptcy estate.  Upon information and belief, the creation of the Debtor by Plourde, with the assistance and aid of KC Cross' and the Cross Entities' counsel, was to conceal the true ownership and operations of The Crossroads, thereby shielding the property interests of KC Cross and the Cross Entities from legitimate creditors' claims.

26.    Upon information and belief, this same scheme was perpetuated across other nursing homes owned and controlled by KC Cross and the Cross Entities with, in each instance, Plourde creating an entity and purportedly "taking over" operations of a nursing home, which would continue to be operationally dominated and controlled by KC Cross and the Cross

Entities.

27.    Between September 17, 2020, and the Petition Date, the Cross Entities respectively received the following amounts, which are demonstrated in greater detail on **Exhibit A** (the "One-Year Transfers"):

| Entity | Amount of One-Year Transfers |
| --- | --- |
| TK Practitioners | $141,000.00 |
| PPP LLC | $1,475,000.00 |
| Volunteer Properties | $510,000.00 |
| N969KT | $60,000.00 |
| Senior Care | $214,000.00 |
| Eagle Healthcare | $676,604.89 |
| **One-Year Transfers Total** | $3,076,604.89 |

28.    Between September 17, 2019, and the Petition Date, the Cross Entities respectively received the following amounts, which are demonstrated in greater detail on **Exhibit B** (the "Two-Year Transfers")[1]:

| Entity | Amount of Two-Year Transfers |
| --- | --- |
| TK Practitioners | $336,000.00 |
| PPP LLC | $3,407,000.00 |
| Volunteer Properties | $1,509,000.00 |
| N969KT | $110,000.00 |
| Senior Care | $549,000.00 |
| Eagle Healthcare | $1,564,892.62 |
| **Two-Year Transfers Total** | $7,475,892.62 |

29.    Between September 17, 2017, and the Petition Date, the Cross Entities respectively received a minimum of the following amounts, which are demonstrated in greater detail on **Exhibit C** (the "Four-Year Transfers")[2]:

| Entity | Amount of Four-Year Transfers |
| --- | --- |
| TK Practitioners | $666,000.00 |
| PPP LLC | $6,532,000.00 |
| Volunteer Properties | $2,014,000.00 |

---

[1] The Two-Year Transfers is inclusive of the amounts received by the Cross Entities for the One-Year Transfers.
[2] The Four-Year Transfers is inclusive of the amounts received by the Cross Entities for the One-Year Transfers and the Two-Year Transfers.

| N969KT | $180,000.00 |
| Senior Care | $817,000.00 |
| Eagle Healthcare | $1,987,268.46 |
| **Four-Year Transfers Total** | $12,196,268.46 |

30.     After the October 15, 2021, conversion from Chapter 11 to Chapter 7, the Trustee requested information related to One-Year, Two-Year, and Four-Year Transfers from the Debtor to the Cross Entities and KC Cross.  KC Cross and the Cross Entities refused to provide the requested information.  Instead, the Cross Entities provided a barebones "preference exposure analysis" that purported to demonstrate new value supposedly supplied to the Debtor.

31.     At all relevant times, the Cross Entities were, respectively, statutory or non-statutory insiders of the Debtor by virtue of their individual and collective control of the Debtor's property, both monetary and non-monetary.  Accordingly, the relevant lookback period for the One-Year Transfers is between September 17, 2020, and September 17, 2021 (the "Avoidance Period").

32.     Upon information and belief, KC Cross and the Cross Entities were the sole beneficiary of the One-Year, Two-Year, and Four-Year Transfers from the Debtor to the Cross Entities.

33.     As the Debtor purportedly incurred debts to the Cross Entities for the services they provided, the One-Year Transfers were made for the benefit of a purported creditor, each of the respective Cross Entities, on account of antecedent obligations, at a time during which the Debtor was insolvent, as set forth in Exhibit A.  At no time did the Cross Entities provide an exchange of new value equivalent to the Debtor's One-Year Transfers.

34.     The Trustee seeks to avoid all transfers of an interest of Debtor's property made, paid or otherwise transferred to each of the respective Cross Entities within the Avoidance Period.

35.     During the period between September 17, 2019, and the Petition Date (the "FT Period"), the Debtor—by and through the respective Cross Entities' dominion and control, TK Practitioner—effectuated the Two-Year Transfers from the Debtor to the Cross Entities, as set forth in Exhibit B, with the intent hinder, delay, or defraud its legitimate creditors or, alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers from the Cross Entities, who benefited from the Two-Year Transfers as insiders.    At all relevant times during the FT Period, the Debtor was insolvent or undercapitalized or the Two-Year Transfers rendered the Debtor as insolvent or undercapitalized.

36.     During the period between September 17, 2017, and the Petition Date (the "Four-Year Period"), by means of the Cross Entities who controlled the Debtor's assets and operations, the Debtor transferred its property to each of the respective Cross Entities, as set forth in Exhibit C—the Four-Year Transfers—all of which are voidable under Florida law.

37.     During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to one or more of the Cross Entities or that may be otherwise avoidable under other provisions of the Bankruptcy Code.

38.     It is the Trustee's intention to avoid and recover all avoidable transfers of property made by the Debtor to or for the benefit of the Cross Entities or any other subsequent transferee.

39.     The Debtor, or agents acting on its behalf at the behest of the Cross Entities, made a transfer(s) of an interest, in its property, to or for the benefit of the Cross Entities, during the Avoidance Period, FT Period, and the Four-Year Period, through payments aggregating not less than the amounts set forth on Exhibit A, Exhibit B, and Exhibit C hereto.  The details of each One-Year Transfer, Two-Year Transfer, or Four-Year Transfers are set forth on **Exhibit A,**

**Exhibit B, and Exhibit C**, respectively, attached hereto, which are both incorporated by reference.  Such details include "Date", "Transaction Kind", and "Check #", "Payee", and the "Amount."

40.    The Trustee reserves his right to amend this original Adversary Complaint to include: (i) further information regarding the One-Year Transfers, the Two-Year Transfers, or the Four-Year Transfers, (ii) additional transfers, (iii) modifications of and/or revision to any defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Adversary Complaint.

## CLAIMS FOR RELIEF

### Count I – Declaratory Judgment of Alter Ego
(All Defendants)

41.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

42.     This is an action for declaratory judgment that the Debtor is an alter ego of KC Cross and the Cross Entities pursuant to 28 U.S.C. § 2201.

43.     To establish that a corporation is a mere alter ego of an individual, the Trustee must show "[1] that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; [2] that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and [3] to adhere to the doctrine of corporate entity would promote injustice or protect fraud." *Dearth v. Collins*, 441 F.3d 931, 934-35 (11th Cir. 2006).

44.     At all relevant times, the Debtor's affairs and assets were dominated and controlled by KC Cross and the Cross Entities and used solely for their benefit, and as a means to conceal their true ownership of the Debtor and thereby, limit their individual and joint liability for their actions taken through the Debtor and to conceal real and personal property for the purpose of avoiding the claims of creditors.

45.     The Debtor was dominated and controlled by KC Cross and the Cross Entities to such an extent that it had no independent corporate exists.

46.     Upon information and belief, KC Cross and the Cross Entities disregarded corporate formalities and used the Debtor as a mere instrumentality to conceal their real and personal properties and to transfer them or to conceal them from creditors and the Trustee.

47.     KC Cross and the Cross Entities used the Debtor for illegal, fraudulent and unjust purposes.  Thus, adherence to the doctrine of corporate entity in this case would promote and protect the KC Cross' and the Cross Entities' fraud upon their creditors.

48.     Accordingly, the Debtor's corporate fiction should be disregarded and all assets of KC Cross and the Cross Entities should be determined to be property of the Bankruptcy Estate.

WHEREFORE, the Trustee respectfully prays for entry of an order:

a)  Declaring the Debtor as mere alter egos of KC Cross and the Cross Entities;

b)  Declaring that all of KC Cross' and the Cross Entities' property interests, both real and personal, to be property of the Bankruptcy Estate; and

c)  Awarding the Trustee such other and further relief as it may deem just and proper.

## Count II - Avoidance of One-Year Transfers to TK Practitioner (11 U.S.C. § 547)

49.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

50.     During the Avoidance Period, the Debtor made the One-Year Transfers to TK Practitioners or for its benefit or in an aggregate amount of not less than $141,000.00, as detailed by the amounts set forth on Exhibit A hereto.

51.     Each One-Year Transfer was made by the Debtor to TK Practitioners, and constituted transfers of an interest in property of Debtor.

52.     At all relevant times, TK Practitioners was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through its use of Debtor's financial account(s).

53.     TK Practitioners asserts it was a creditor of the Debtor because it allegedly provided medical billing and accounting services to the Debtor during the Avoidance Period. Ex. A.

54.     Each One-Year Transfer to TK Practitioners was used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value from TK Practitioners.

55.     The Debtor, or some party acting on its behalf and at the behest of TK Practitioners, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to fund its business activities. *See* Ex. A.

56.     Each One-Year Transfer was made not to benefit TK Practitioners and its owners, all of whom are insiders.

57.     Each One-Year Transfer was made while the Debtor was insolvent.

58.     Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

59.     As a result of each One-Year Transfer, TK Practitioners received more than what TK Practitioners would have received, if the One-Year Transfers had not been made.

60.     In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against TK Practitioners, avoiding the preferential transfers to TK Practitioners set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment

for the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

## Count III - Avoidance of One-Year Transfers to PPP LLC (11 U.S.C. § 547)

61.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

62.     During the Avoidance Period, the Debtor made the One-Year Transfers to PPP LLC or for its benefit or in an aggregate amount of not less than $1,475,000.00, as detailed by the amounts set forth on Exhibit A hereto.

63.     Each One-Year Transfer was made by the Debtor to PPP LLC, and constituted transfers of an interest in property of Debtor.

64.     At all relevant times, PPP LLC was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through its use or control, indirectly or directly, of Debtor's financial account(s) and through its control over the Debtor's operations.

65.     PPP LLC was a creditor of the Debtor because it allegedly provided payroll and personnel services to the Debtor during the Avoidance Period.  Ex. A.

66.     Each One-Year Transfer to PPP LLC was used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value from PPP LLC.

67.     The Debtor, or some party acting on its behalf and at the behest of PPP LLC, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to

fund its business activities. *See* Ex. A.

68.     Each One-Year Transfer was made to benefit PPP LLC and its owners, all of whom are insiders.

69.     Each One-Year Transfer was made while the Debtor was insolvent.

70.     Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

71.     As a result of each One-Year Transfer, PPP LLC received more than what PPP LLC would have received, if the One-Year Transfers had not been made.

72.     In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against PPP LLC, avoiding the preferential transfers to PPP LLC set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment for the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

## Count IV - Avoidance of One-Year Transfers to Volunteer Properties (11 U.S.C. § 547)

73.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

74.     During the Avoidance Period, the Debtor made the One-Year Transfers to Volunteer Properties or for its benefit or in an aggregate amount of not less than $510,000.00, as detailed by the amounts set forth on Exhibit A hereto.

75.     Each One-Year Transfer was made by the Debtor to Volunteer Properties, and constituted transfers of an interest in property of Debtor.

76.     At all relevant times, Volunteer Properties was a statutory or non-statutory insider of the Debtor because it controlled the Debtor and its property through its use or control, indirectly or directly, of Debtor's operations, property, and facilities.

77.     Volunteer Properties was a creditor of the Debtor because it supposedly leased real property to the Debtor during the Avoidance Period.  Ex. A.

78.     Each One-Year Transfer to Volunteer Properties was used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value from Volunteer Properties.

79.     The Debtor, or some party acting on its behalf and at the behest of Volunteer Properties, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to fund its business activities.  *See* Ex. A.

80.     Each One-Year Transfer was made to benefit Volunteer Properties and its owners, all of whom are insiders.

81.     Each One-Year Transfer was made while the Debtor was insolvent.

82.     Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

83.     As a result of each One-Year Transfer, Volunteer Properties received more than what Volunteer Properties would have received, if the One-Year Transfers had not been made.

84.     In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against Volunteer Properties, avoiding the preferential transfers to Volunteer Properties set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment for the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

### Count V - Avoidance of One-Year Transfers to N969KT (11 U.S.C. § 547)

85.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

86.     During the Avoidance Period, the Debtor made the One-Year Transfers to N969KT or for its benefit or in an aggregate amount of not less than $60,000.00, as detailed by the amounts set forth on Exhibit A hereto.

87.     Each One-Year Transfer was made by the Debtor to N969KT, and constituted transfers of an interest in property of Debtor.

88.     At all relevant times, N969KT was a statutory or non-statutory insider of the Debtor through its use or control, indirectly or directly, of Debtor's property and transportation contracting functions.

89.     N969KT was a creditor of the Debtor because provided transportation services to the Debtor during the Avoidance Period.  Ex. A.

90.     Each One-Year Transfer to N969KT was used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably

equivalent value from N969KT.

91.     The Debtor, or some party acting on its behalf and at the behest of N969KT, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to fund its business activities.  *See* Ex. A.

92.     Each One-Year Transfer was made not to benefit the Debtor but to benefit N969KT and its owners, all of whom are insiders.

93.     Each One-Year Transfer was made while the Debtor was insolvent.

94.     Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

95.     As a result of each One-Year Transfer, N969KT received more than what N969KT would have received, if the One-Year Transfers had not been made.

96.     In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against N969KT, avoiding the preferential transfers to N969KT set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment for the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

**Count VI - Avoidance of One-Year Transfers to Senior Care (11 U.S.C. § 547)**

97.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

98.     During the Avoidance Period, the Debtor made the One-Year Transfers to Senior Care or for its benefit or in an aggregate amount of not less than $214,000.00, as detailed by the amounts set forth on Exhibit A hereto.

99.     Each One-Year Transfer was made by the Debtor to Senior Care, and constituted transfers of an interest in property of Debtor.

100.    At all relevant times, Senior Care was a statutory or non-statutory insider of the Debtor because Senior Care used its consultations to control Debtor and its property and operations.

101.    Senior Care was a creditor of the Debtor because provided consulting services to the Debtor during the Avoidance Period.  Ex. A.

102.    Each One-Year Transfer to Senior Care primarily benefited Senior Care.

103.    The Debtor, or some party acting on its behalf and at the behest of Senior Care, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to fund its business activities.  *See* Ex. A.

104.    Each One-Year Transfer was made to benefit Senior Care and its owners, all of whom are insiders.

105.    Each One-Year Transfer was made while the Debtor was insolvent.

106.    Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

107.    As a result of each One-Year Transfer, Senior Care received more than what Senior Care would have received, if the One-Year Transfers had not been made.

108.    In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against Senior Care, avoiding the preferential transfers to Senior Care set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment for the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

## Count VII - Avoidance of One-Year Transfers to Eagle Healthcare (11 U.S.C. § 547)

109.    The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

110.    During the Avoidance Period, the Debtor made the One-Year Transfers to Eagle Healthcare or for its benefit or in an aggregate amount of not less than $676,604.89, as detailed by the amounts set forth on Exhibit A hereto.

111.    Each One-Year Transfer was made by the Debtor to Eagle Healthcare, and constituted transfers of an interest in property of Debtor.

112.    At all relevant times, Eagle Healthcare was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through its use or control, indirectly or directly, of Debtor's property through its contracted personnel and human resources functions for

dietary, facility maintenance, environment, and laundry services.

113.    Eagle Healthcare was a creditor of the Debtor because provided services to the Debtor during the Avoidance Period.  Ex. A.

114.    Each One-Year Transfer to Eagle Healthcare were used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value from Eagle Healthcare.

115.    The Debtor, or some party acting on its behalf and at the behest of Eagle Healthcare, made each One-Year Transfer with the intent to hinder, delay, or defraud the Debtor's current and future creditors, for which the Debtor received less than reasonably equivalent value and the result of each One-Year Transfer left the Debtor with an unreasonably small amount of capital to fund its business activities.  *See* Ex. A.

116.    Each One-Year Transfer was made not to benefit the Debtor but to benefit Eagle Healthcare and its owners, all of whom are insiders.

117.    Each One-Year Transfer was made while the Debtor was insolvent.

118.    Each One-Year Transfer was made during the Avoidance Period, as set forth on Exhibit A.

119.    As a result of each One-Year Transfer, Eagle Healthcare received more than what Eagle Healthcare would have received, if the One-Year Transfers had not been made.

120.    In accordance with the foregoing, each One-Year Transfer is avoidable pursuant to 11 U.S.C. § 547(a).

WHEREFORE, Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against Eagle Healthcare, avoiding the preferential transfers to Eagle Healthcare set forth in Exhibit A pursuant to 11 U.S.C. § 547, entering a monetary judgment for

the One-Year Transfers plus interest at the federal judgment interest rate, and granting any other and further relief this Court deems appropriate and just.

**Count VIII - Avoidance of Two-Year Transfers to TK Practitioners (11 U.S.C. § 548)**

121.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

122.     At all relevant times, TK Practitioners was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use of Debtor's financial account(s).

123.     The Two-Year Transfers from Debtor to TK Practitioners constitute transfers of an interest in property of the Debtor.

124.     During the FT Period, the Debtor made the Two-Year Transfers to TK Practitioners or for its benefit or in an aggregate amount not less than $336,000.00, as detailed by the amount set forth on Exhibit B hereto.

125.     The Debtor made each Two-Year Transfer to TK Practitioners with the intent to hinder, delay, or defraud its current and future creditors.

126.     Each Two-Year Transfer was made by the Debtor to TK Practitioners, and constituted transfers of an interest in property of the Debtor.

127.     The services provided by TK Practitioners were above market rates and were used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value in return for each Two-Year Transfer.

128.     Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

129.   Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

130.   The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against TK Practitioners, in the amount of the value of the Two-Year Transfers totaling $336,000.00, less any amounts awarded for Debtor's respective One-Year Transfers to TK Practitioners, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

### Count IX - Avoidance of Two-Year Transfers to PPP LLC (11 U.S.C. § 548)

131.   The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

132.   At all relevant times, PPP LLC was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use of Debtor's financial account(s) and operations.

133.   The Two-Year Transfers from Debtor to PPP LLC constitute transfers of an interest in property of the Debtor.

134.   During the FT Period, the Debtor made the Two-Year Transfers to PPP LLC or for its benefit or in an aggregate amount not less than $3,407,000.00, as detailed by the amount set forth on Exhibit B hereto.

135.    The Debtor made each Two-Year Transfer to PPP LLC with the intent to hinder, delay, or defraud its current and future creditors.

136.    Each Two-Year Transfer was made by the Debtor to PPP LLC, and constituted transfers of an interest in property of the Debtor.

137.    For the staffing and payroll services it provided,  PPP LLC charged non-market rates as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value  in return for each Two-Year Transfer.

138.    Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

139.    Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

140.    The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against PPP LLC, in the amount of the value of the Two-Year Transfers totaling $3,407,000.00, less any amounts awarded for Debtor's respective One-Year Transfers to PPP LLC, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

**Count X - Avoidance of Two-Year Transfers to Volunteer Properties (11 U.S.C. § 548)**

141.    The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

142.    At all relevant times, Volunteer Properties was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use and control of Debtor's financial account(s), facilities, and operations.

143.    The Two-Year Transfers from Debtor to Volunteer Properties constitute transfers of an interest in property of the Debtor.

144.    During the FT Period, the Debtor made the Two-Year Transfers to Volunteer Properties or for its benefit or in an aggregate amount not less than $1,509,000.00, as detailed by the amount set forth on Exhibit B hereto.

145.    The Debtor made each Two-Year Transfer to Volunteer Properties with the intent to hinder, delay, or defraud its current and future creditors.

146.    Each Two-Year Transfer was made by the Debtor to Volunteer Properties, and constituted transfers of an interest in property of the Debtor.

147.    Volunteer Properties charged non-market rates for the lease of its real property, which was used as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive reasonably equivalent value in return for each Two-Year Transfer.

148.    Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

149.    Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

150.    The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in

favor of the Trustee and against Volunteer Properties, in the amount of the value of the Two-Year Transfers totaling $1,509,000.00, less any amounts awarded for Debtor's respective One-Year Transfers to Volunteer Properties, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

### Count XI - Avoidance of Two-Year Transfers to N969KT (11 U.S.C. § 548)

151.    The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

152.    At all relevant times, N969KT was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use and control of Debtor's financial account(s), facilities, and operations.

153.    The Two-Year Transfers from Debtor to N969KT constitute transfers of an interest in property of the Debtor.

154.    During the FT Period, the Debtor made the Two-Year Transfers to N969KT or for its benefit or in an aggregate amount not less than $110,000.00, as detailed by the amount set forth on Exhibit B hereto.

155.    The Debtor made each Two-Year Transfer to N969KT with the intent to hinder, delay, or defraud its current and future creditors.

156.    Each Two-Year Transfer was made by the Debtor to N969KT, and constituted transfers of an interest in property of the Debtor.

157.    N969KT provided transportation services to the Debtor at non-market rates, which were used as a means of draining Debtor's assets available to pay non-insider creditors,

for which the Debtor did not receive reasonably equivalent value in return for each Two-Year Transfer.

158.    Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

159.    Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

160.    The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against N969KT, in the amount of the value of the Two-Year Transfers totaling $110,000.00, less any amounts awarded for Debtor's respective One-Year Transfers to N969KT, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

## Count XII - Avoidance of Two-Year Transfers to Senior Care (11 U.S.C. § 548)

161.    The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

162.    At all relevant times, Senior Care was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use and control of Debtor's financial account(s), facilities, and operations through its consultation services.

163.    The Two-Year Transfers from Debtor to Senior Care constitute transfers of an

interest in property of the Debtor.

164.    During the FT Period, the Debtor made the Two-Year Transfers to Senior Care or for its benefit or in an aggregate amount not less than $549,000.00, as detailed by the amount set forth on Exhibit B hereto.

165.    The Debtor made each Two-Year Transfer to Senior Care with the intent to hinder, delay, or defraud its current and future creditors.

166.    Each Two-Year Transfer was made by the Debtor to Senior Care, and constituted transfers of an interest in property of the Debtor.

167.    Senior Care provided consultation services to the Debtor, for which the Debtor did not receive a contemporaneous exchange of new value in return for each Two-Year Transfer because Senior Care set its rates higher than the market as a means of draining Debtor's assets available to pay non-insider creditors.

168.    Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

169.    Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

170.    The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against Senior Care, in the amount of the value of the Two-Year Transfers totaling $549,000.00, less any amounts awarded for Debtor's respective One-Year Transfers to Senior Care, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such

other and further relief as this Court deems just and appropriate.

### Count XIII - Avoidance of Two-Year Transfers to Eagle Healthcare (11 U.S.C. § 548)

171.    The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

172.    At all relevant times, Eagle Healthcare was a statutory or non-statutory insider of the Debtor because it controlled Debtor and its property through, among other things, its use and control of Debtor's financial account(s), facilities, and operations.

173.    The Two-Year Transfers from Debtor to Eagle Healthcare constitute transfers of an interest in property of the Debtor.

174.    During the FT Period, the Debtor made the Two-Year Transfers to Eagle Healthcare or for its benefit or in an aggregate amount not less than $1,564,892.62, as detailed by the amount set forth on Exhibit B hereto.

175.    The Debtor made each Two-Year Transfer to Eagle Healthcare with the intent to hinder, delay, or defraud its current and future creditors.

176.    Each Two-Year Transfer was made by the Debtor to Eagle Healthcare, and constituted transfers of an interest in property of the Debtor.

177.    Eagle Healthcare provided payroll and personnel services for contracted dietary, maintenance, environmental, and laundry services at non-market rates as a means of draining Debtor's assets available to pay non-insider creditors, for which the Debtor did not receive a contemporaneous exchange of new value in return for each Two-Year Transfer.

178.    Each Two-Year Transfer was made while the Debtor was, or as a result became, insolvent or undercapitalized for its continued business operations.

179.     Each Two-Year Transfer was made during the FT Period, as set forth on Exhibit B.

180.     The Trustee is entitled to avoid the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against Eagle Healthcare, in the amount of the value of the Two-Year Transfers totaling $1,564,892.62, less any amounts awarded for Debtor's respective One-Year Transfers to Eagle Healthcare, pursuant to 11 U.S.C. § 548(a), along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

## Count XIV - Avoidance of Four-Year Transfers to Cross Entities (11 U.S.C. § 544)

181.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

182.     The Four-Year Transfers from Debtor to each of respective the Cross Entities constitutes transfers of an interest in property of the Debtor.

183.     During the Four-Year Period, the Debtor made the Four-Year Transfers to each of respective the Cross Entities or for its benefit or in an aggregate amount not less than $12,196,268.46, as detailed by the amounts set forth on Exhibit C hereto.

184.     The Cross Entities acted in a concerted and organized effort to effectuate the Four-Year Transfers by the Debtor to each of the respective Cross Entities.

185.     Each Four-Year Transfer is avoidable under Section 726.105, Florida Statutes, because the Debtor made the Four-Year Transfers with an actual intent to hinder, delay, or

defraud the Debtor's creditors because each Four-Year Transfer was to an insider, for which the Debtor did not receive reasonably equivalent value in exchange for each Four-Year Transfer.

186.     The Debtor's creditors could not discovery the fraudulent transfers because the Debtor concealed each Four-Year Transfer through a scheme used to make the Cross Entities appear as legitimate vendors.

187.     Each Four-Year Transfer was made during the FT Period, as set forth on Exhibit C.

188.     The Trustee is entitled to avoid the Four-Year Transfers to the Cross Entities pursuant to 11 U.S.C. § 544.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against the Cross Entities, jointly and severally, to avoid the value of the Four-Year Transfers—totaling $12,196,268.46—in excess of the reasonably equivalent value, if any, received by the Debtor from the Cross Entities, less any amounts awarded for Debtor's respective One-Year Transfers or Two-Year Transfers to the respective Cross Entities, pursuant to 11 U.S.C. § 544, along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

### Count XV - Recovery of Avoided Transfers (11 U.S.C. § 550)

189.     The Trustee realleges and incorporates by reference the allegations in paragraphs 1–40 above, as if more fully set forth herein.

190.     The Trustee is entitled to avoid the One-Year Transfer(s) pursuant to 11 U.S.C. § 547, the Two-Year Transfer(s) pursuant to 11 U.S.C. § 548, and the Four-Year Transfer(s) pursuant to 11 U.S.C. § 544.

191.    Each of the respective Cross Entities was the initial transferee of the One-Year Transfer(s), the Two-Year Transfer(s), or the Four-Year Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the One-Year Transfer(s), the Two-Year Transfer(s), or the Four-Year Transfer(s) were made.

192.    Pursuant to 11 U.S.C. § 550(a), The Trustee is entitled to recover from each of the respective Cross Entities the One-Year Transfer(s) and Two-Year Transfer(s), and collectively recover from the Cross Entities the Four-Year Transfer plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the Trustee respectfully requests this Court enter a Final Judgment in favor of the Trustee and against the Cross Entities, in the amount of the respective value of the One-Year Transfers, totaling $3,076,604.89, of the Two-Year Transfers, totaling $7,475,892.62, and of the Four-Year Transfers, totaling $12,196,268.46, along with post-transfer interest, at the rate permitted by federal law on judgments until the entry of Final Judgment, along with such other and further relief as this Court deems just and appropriate.

Dated: June 16, 2022.                    Respectfully submitted,

                                          **SHUMAKER, LOOP & KENDRICK, LLP**

                                           _/s/ *Steven M. Berman*_____
                                          STEVEN M. BERMAN, ESQ.
                                          Florida Bar No. 856290
                                          sberman@shumaker.com
                                          bgasaway@shumaker.com
                                          101 E. Kennedy Blvd., Suite 2800
                                          Tampa, FL 33602
                                          Phone: (813) 229-7600
                                          Fax: (813) 229-1660
                                          *Counsel for Douglas N. Menchise,*
                                          *Chapter 7 Trustee*

Exhibit A

| Entity | Amount |
|---|---|
| TK PRACTITIONERS, LLC | $141,000.00 |
| PAYROLL PROCESSING & PER. | 1,475,000.00 |
| VOLUNTEER PROP OF DAVENPO | 510,000.00 |
| N969KT, LLC | 60,000.00 |
| SENIOR CARE CF,LLC | 214,000.00 |
| EAGLE HEALTHCARE LLC | 676,604.89 |
| Total | $3,076,604.89 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 04/12/21 | Check | 44135 | TK PRACTITIONERS, LLC | $100,000.00 |
| 06/04/21 | Check | 44210 | TK PRACTITIONERS, LLC | 41,000.00 |
|  | TK PRACTITIONERS, LLC |  | Total | $141,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 09/21/20 | Check | 43818 | PAYROLL PROCESSING & PER. | $50,000.00 |
| 09/24/20 | Check | 43827 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 10/02/20 | Check | 43844 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 10/30/20 | Check | 43884 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 11/16/20 | Check | 43915 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 11/27/20 | Check | 43918 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 12/14/20 | Check | 43927 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 03/05/21 | Check | 44078 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 04/09/21 | Check | 44134 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 04/30/21 | Check | 43944 | PAYROLL PROCESSING & PER. | 170,000.00 |
| 05/03/21 | Check | 44156 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 05/14/21 | Check | 44184 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/10/21 | Check | 44218 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 08/17/21 | Check | 44234 | PAYROLL PROCESSING & PER. | 5,000.00 |
|  | PAYROLL PROCESSING & PER. |  | Total | $1,475,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 10/23/20 | Check | 43879 | VOLUNTEER PROP OF DAVENPO | $100,000.00 |
| 12/22/20 | Check | 43934 | VOLUNTEER PROP OF DAVENPO | 210,000.00 |
| 01/11/21 | Check | 43982 | VOLUNTEER PROP OF DAVENPO | 55,000.00 |
| 04/09/21 | Check | 44133 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 06/04/21 | Check | 44211 | VOLUNTEER PROP OF DAVENPO | 45,000.00 |
|  | VOLUNTEER PROP OF DAVENPO |  | Total | $510,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|-----------------|---------|-------|--------|
| 10/23/20 | Check | 43880 | N969KT, LLC | $10,000.00 |
| 12/22/20 | Check | 43937 | N969KT, LLC | 25,000.00 |
| 02/05/21 | Check | 44030 | N969KT, LLC | 5,000.00 |
| 03/15/21 | Check | 44094 | N969KT, LLC | 5,000.00 |
| 06/04/21 | Check | 44213 | N969KT, LLC | 15,000.00 |
| | N969KT, LLC | | Total | $60,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|-----------------|---------|-------|--------|
| 12/22/20 | Check | 43933 | SENIOR CARE CF,LLC | $114,000.00 |
| 04/12/21 | Check | 44136 | SENIOR CARE CF,LLC | 100,000.00 |
| | SENIOR CARE CF,LLC | | Total | $214,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|-----------------|---------|-------|--------|
| 09/30/20 | Check | 43832 | EAGLE HEALTHCARE LLC | $41,523.49 |
| 11/02/20 | Check | 43885 | EAGLE HEALTHCARE LLC | 25,229.05 |
| 11/16/20 | Check | 43912 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 12/18/20 | Check | 43932 | EAGLE HEALTHCARE LLC | 249,140.94 |
| 03/05/21 | Check | 44081 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 05/25/21 | Check | 44204 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/04/21 | Check | 44212 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/23/21 | Check | 44222 | EAGLE HEALTHCARE LLC | 21,523.49 |
| 07/16/21 | Check | 44227 | EAGLE HEALTHCARE LLC | 20,000.00 |
| 08/03/21 | Check | 44231 | EAGLE HEALTHCARE LLC | 28,523.49 |
| | EAGLE HEALTHCARE LLC | | Total | $676,604.89 |

# Exhibit B

| Entity | Amount |
|---|---|
| TK PRACTITIONERS, LLC | $336,000.00 |
| PAYROLL PROCESSING & PER. | 3,407,000.00 |
| VOLUNTEER PROP OF DAVENPO | 1,509,000.00 |
| N969KT, LLC | 110,000.00 |
| SENIOR CARE CF,LLC | 549,000.00 |
| EAGLE HEALTHCARE LLC | 1,564,892.62 |
| Total | $7,475,892.62 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 10/24/19 | Check | 43200 | TK PRACTITIONERS, LLC | $60,000.00 |
| 12/17/19 | Check | 43354 | TK PRACTITIONERS, LLC | 50,000.00 |
| 06/12/20 | Check | 43629 | TK PRACTITIONERS, LLC | 85,000.00 |
| 04/12/21 | Check | 44135 | TK PRACTITIONERS, LLC | 100,000.00 |
| 06/04/21 | Check | 44210 | TK PRACTITIONERS, LLC | 41,000.00 |
| | TK PRACTITIONERS, LLC | | Total | $336,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 09/23/19 | Check | 43215 | PAYROLL PROCESSING & PER. | $150,000.00 |
| 11/05/19 | Check | 43293 | PAYROLL PROCESSING & PER. | 80,000.00 |
| 12/16/19 | Check | 43353 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 01/14/20 | Check | 43418 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 02/10/20 | Check | 43461 | PAYROLL PROCESSING & PER. | 105,000.00 |
| 02/24/20 | Check | 43491 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 03/10/20 | Check | 43504 | PAYROLL PROCESSING & PER. | 120,000.00 |
| 03/20/20 | Check | 43519 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 04/06/20 | Check | 43533 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 04/20/20 | Check | 43565 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 05/04/20 | Check | 43579 | PAYROLL PROCESSING & PER. | 30,000.00 |
| 05/18/20 | Check | 43603 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/02/20 | Check | 43624 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 06/12/20 | Check | 43658 | PAYROLL PROCESSING & PER. | 40,000.00 |
| 06/29/20 | Check | 43675 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 07/27/20 | Check | 43735 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 08/10/20 | Check | 43753 | PAYROLL PROCESSING & PER. | 70,000.00 |
| 09/04/20 | Check | 43784 | PAYROLL PROCESSING & PER. | 120,000.00 |
| 09/11/20 | Check | 43803 | PAYROLL PROCESSING & PER. | 117,000.00 |
| 09/21/20 | Check | 43818 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 09/24/20 | Check | 43827 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 10/02/20 | Check | 43844 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 10/30/20 | Check | 43884 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 11/16/20 | Check | 43915 | PAYROLL PROCESSING & PER. | 50,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 11/27/20 | Check | 43918 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 12/14/20 | Check | 43927 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 03/05/21 | Check | 44078 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 04/09/21 | Check | 44134 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 04/30/21 | Check | 43944 | PAYROLL PROCESSING & PER. | 170,000.00 |
| 05/03/21 | Check | 44156 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 05/14/21 | Check | 44184 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/10/21 | Check | 44218 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 08/17/21 | Check | 44234 | PAYROLL PROCESSING & PER. | 5,000.00 |

PAYROLL PROCESSING & PER.    Total    $3,407,000.00

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 09/23/19 | Check | 43216 | VOLUNTEER PROP OF DAVENPO | $100,000.00 |
| 09/30/19 | Check | 43220 | VOLUNTEER PROP OF DAVENPO | 82,000.00 |
| 12/11/19 | Check | 43304 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 12/11/19 | Check | 43340 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 01/13/20 | Check | 43366 | VOLUNTEER PROP OF DAVENPO | 90,000.00 |
| 01/13/20 | Check | 43389 | VOLUNTEER PROP OF DAVENPO | 60,000.00 |
| 01/21/20 | Check | 43428 | VOLUNTEER PROP OF DAVENPO | 30,000.00 |
| 03/20/20 | Check | 43522 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 04/15/20 | Check | 43538 | VOLUNTEER PROP OF DAVENPO | 150,000.00 |
| 04/15/20 | Check | 43555 | VOLUNTEER PROP OF DAVENPO | 90,000.00 |
| 06/12/20 | Check | 43627 | VOLUNTEER PROP OF DAVENPO | 97,000.00 |
| 10/23/20 | Check | 43879 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 12/22/20 | Check | 43934 | VOLUNTEER PROP OF DAVENPO | 210,000.00 |
| 01/11/21 | Check | 43982 | VOLUNTEER PROP OF DAVENPO | 55,000.00 |
| 04/09/21 | Check | 44133 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 06/04/21 | Check | 44211 | VOLUNTEER PROP OF DAVENPO | 45,000.00 |

VOLUNTEER PROP OF DAVENPO    Total    $1,509,000.00

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 10/11/19 | Check | 43245 | N969KT, LLC | $15,000.00 |
| 12/11/19 | Check | 43342 | N969KT, LLC | 5,000.00 |
| 01/30/20 | Check | 43437 | N969KT, LLC | 10,000.00 |
| 03/20/20 | Check | 43512 | N969KT, LLC | 10,000.00 |
| 05/27/20 | Check | 43618 | N969KT, LLC | 10,000.00 |
| 10/23/20 | Check | 43880 | N969KT, LLC | 10,000.00 |
| 12/22/20 | Check | 43937 | N969KT, LLC | 25,000.00 |
| 02/05/21 | Check | 44030 | N969KT, LLC | 5,000.00 |
| 03/15/21 | Check | 44094 | N969KT, LLC | 5,000.00 |
| 06/04/21 | Check | 44213 | N969KT, LLC | 15,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| | N969KT, LLC | | Total | $110,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 10/24/19 | Check | 43250 | SENIOR CARE CF,LLC | $50,000.00 |
| 01/13/20 | Check | 43365 | SENIOR CARE CF,LLC | 40,000.00 |
| 02/19/20 | Check | 43475 | SENIOR CARE CF,LLC | 100,000.00 |
| 04/15/20 | Check | 43539 | SENIOR CARE CF,LLC | 50,000.00 |
| 06/12/20 | Check | 43628 | SENIOR CARE CF,LLC | 95,000.00 |
| 12/22/20 | Check | 43933 | SENIOR CARE CF,LLC | 114,000.00 |
| 04/12/21 | Check | 44136 | SENIOR CARE CF,LLC | 100,000.00 |
| | SENIOR CARE CF,LLC | | Total | $549,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 10/04/19 | Check | 43223 | EAGLE HEALTHCARE LLC | $124,570.47 |
| 11/18/19 | Check | 43309 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 12/13/19 | Check | 43351 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 01/24/20 | Check | 43429 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 05/04/20 | Check | 43576 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 05/12/20 | Check | 43592 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 07/10/20 | Check | 43697 | EAGLE HEALTHCARE LLC | 207,617.45 |
| 08/28/20 | Check | 43782 | EAGLE HEALTHCARE LLC | 182,388.40 |
| 09/11/20 | Check | 43802 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 09/30/20 | Check | 43832 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 11/02/20 | Check | 43885 | EAGLE HEALTHCARE LLC | 25,229.05 |
| 11/16/20 | Check | 43912 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 12/18/20 | Check | 43932 | EAGLE HEALTHCARE LLC | 249,140.94 |
| 03/05/21 | Check | 44081 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 05/25/21 | Check | 44204 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/04/21 | Check | 44212 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/23/21 | Check | 44222 | EAGLE HEALTHCARE LLC | 21,523.49 |
| 07/16/21 | Check | 44227 | EAGLE HEALTHCARE LLC | 20,000.00 |
| 08/03/21 | Check | 44231 | EAGLE HEALTHCARE LLC | 28,523.49 |
| | EAGLE HEALTHCARE LLC | | Total | $1,564,892.62 |

Exhibit C

| Entity | Amount |
|---|---|
| TK PRACTITIONERS, LLC | $666,000.00 |
| PAYROLL PROCESSING & PER. | 6,532,000.00 |
| VOLUNTEER PROP OF DAVENPO | 2,014,000.00 |
| N969KT, LLC | 180,000.00 |
| SENIOR CARE CF,LLC | 817,000.00 |
| EAGLE HEALTHCARE LLC | 1,987,268.46 |
| Total | $12,196,268.46 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 06/13/18 | Check | 42535 | TK PRACTITIONERS, LLC | $50,000.00 |
| 11/02/18 | Check | 42738 | TK PRACTITIONERS, LLC | 60,000.00 |
| 11/29/18 | Check | 42770 | TK PRACTITIONERS, LLC | 120,000.00 |
| 09/12/19 | Check | 43203 | TK PRACTITIONERS, LLC | 100,000.00 |
| 10/24/19 | Check | 43200 | TK PRACTITIONERS, LLC | 60,000.00 |
| 12/17/19 | Check | 43354 | TK PRACTITIONERS, LLC | 50,000.00 |
| 06/12/20 | Check | 43629 | TK PRACTITIONERS, LLC | 85,000.00 |
| 04/12/21 | Check | 44135 | TK PRACTITIONERS, LLC | 100,000.00 |
| 06/04/21 | Check | 44210 | TK PRACTITIONERS, LLC | 41,000.00 |
| | TK PRACTITIONERS, LLC | | Total | $666,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 05/08/18 | Check | 42490 | PAYROLL PROCESSING & PER. | $50,000.00 |
| 05/22/18 | Check | 42509 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 06/05/18 | Check | 42512 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 06/07/18 | Check | 42521 | PAYROLL PROCESSING & PER. | 80,000.00 |
| 06/13/18 | Check | 42534 | PAYROLL PROCESSING & PER. | 140,000.00 |
| 07/02/18 | Check | 42557 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 08/13/18 | Check | 42623 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 08/27/18 | Check | 42648 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 09/11/18 | Check | 42663 | PAYROLL PROCESSING & PER. | 125,000.00 |
| 09/25/18 | Check | 42673 | PAYROLL PROCESSING & PER. | 240,000.00 |
| 10/09/18 | Check | 42714 | PAYROLL PROCESSING & PER. | 55,000.00 |
| 11/06/18 | Check | 42747 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 11/19/18 | Check | 42758 | PAYROLL PROCESSING & PER. | 90,000.00 |
| 12/04/18 | Check | 42783 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 01/29/19 | Check | 42866 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 02/12/19 | Check | 42891 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 02/26/19 | Check | 42904 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 03/26/19 | Check | 42940 | PAYROLL PROCESSING & PER. | 25,000.00 |
| 04/12/19 | Check | 42973 | PAYROLL PROCESSING & PER. | 200,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|---|---|---|---|---|
| 04/23/19 | Check | 42982 | PAYROLL PROCESSING & PER. | 90,000.00 |
| 05/16/19 | Check | 43028 | PAYROLL PROCESSING & PER. | 110,000.00 |
| 06/04/19 | Check | 43056 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/12/19 | Check | 43072 | PAYROLL PROCESSING & PER. | 170,000.00 |
| 06/21/19 | Check | 43086 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 08/13/19 | Check | 43155 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 09/10/19 | Check | 43199 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 09/23/19 | Check | 43215 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 11/05/19 | Check | 43293 | PAYROLL PROCESSING & PER. | 80,000.00 |
| 12/16/19 | Check | 43353 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 01/14/20 | Check | 43418 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 02/10/20 | Check | 43461 | PAYROLL PROCESSING & PER. | 105,000.00 |
| 02/24/20 | Check | 43491 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 03/10/20 | Check | 43504 | PAYROLL PROCESSING & PER. | 120,000.00 |
| 03/20/20 | Check | 43519 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 04/06/20 | Check | 43533 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 04/20/20 | Check | 43565 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 05/04/20 | Check | 43579 | PAYROLL PROCESSING & PER. | 30,000.00 |
| 05/18/20 | Check | 43603 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/02/20 | Check | 43624 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 06/12/20 | Check | 43658 | PAYROLL PROCESSING & PER. | 40,000.00 |
| 06/29/20 | Check | 43675 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 07/27/20 | Check | 43735 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 08/10/20 | Check | 43753 | PAYROLL PROCESSING & PER. | 70,000.00 |
| 09/04/20 | Check | 43784 | PAYROLL PROCESSING & PER. | 120,000.00 |
| 09/11/20 | Check | 43803 | PAYROLL PROCESSING & PER. | 117,000.00 |
| 09/21/20 | Check | 43818 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 09/24/20 | Check | 43827 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 10/02/20 | Check | 43844 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 10/30/20 | Check | 43884 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 11/16/20 | Check | 43915 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 11/27/20 | Check | 43918 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 12/14/20 | Check | 43927 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 03/05/21 | Check | 44078 | PAYROLL PROCESSING & PER. | 100,000.00 |
| 04/09/21 | Check | 44134 | PAYROLL PROCESSING & PER. | 200,000.00 |
| 04/30/21 | Check | 43944 | PAYROLL PROCESSING & PER. | 170,000.00 |
| 05/03/21 | Check | 44156 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 05/14/21 | Check | 44184 | PAYROLL PROCESSING & PER. | 150,000.00 |
| 06/10/21 | Check | 44218 | PAYROLL PROCESSING & PER. | 50,000.00 |
| 08/17/21 | Check | 44234 | PAYROLL PROCESSING & PER. | 5,000.00 |

| | PAYROLL PROCESSING & PER. | Total | | $6,532,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 08/31/18 | Check | 42651 | VOLUNTEER PROP OF DAVENPO | $70,000.00 |
| 01/03/19 | Check | 42817 | VOLUNTEER PROP OF DAVENPO | 225,000.00 |
| 04/12/19 | Check | 42974 | VOLUNTEER PROP OF DAVENPO | 135,000.00 |
| 04/25/19 | Check | 42985 | VOLUNTEER PROP OF DAVENPO | 70,000.00 |
| 08/02/19 | Check | 43144 | VOLUNTEER PROP OF DAVENPO | 5,000.00 |
| 09/23/19 | Check | 43216 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 09/30/19 | Check | 43220 | VOLUNTEER PROP OF DAVENPO | 82,000.00 |
| 12/11/19 | Check | 43304 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 12/11/19 | Check | 43340 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 01/13/20 | Check | 43366 | VOLUNTEER PROP OF DAVENPO | 90,000.00 |
| 01/13/20 | Check | 43389 | VOLUNTEER PROP OF DAVENPO | 60,000.00 |
| 01/21/20 | Check | 43428 | VOLUNTEER PROP OF DAVENPO | 30,000.00 |
| 03/20/20 | Check | 43522 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 04/15/20 | Check | 43538 | VOLUNTEER PROP OF DAVENPO | 150,000.00 |
| 04/15/20 | Check | 43555 | VOLUNTEER PROP OF DAVENPO | 90,000.00 |
| 06/12/20 | Check | 43627 | VOLUNTEER PROP OF DAVENPO | 97,000.00 |
| 10/23/20 | Check | 43879 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 12/22/20 | Check | 43934 | VOLUNTEER PROP OF DAVENPO | 210,000.00 |
| 01/11/21 | Check | 43982 | VOLUNTEER PROP OF DAVENPO | 55,000.00 |
| 04/09/21 | Check | 44133 | VOLUNTEER PROP OF DAVENPO | 100,000.00 |
| 06/04/21 | Check | 44211 | VOLUNTEER PROP OF DAVENPO | 45,000.00 |

VOLUNTEER PROP OF DAVENPO   Total                               $2,014,000.00

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 05/16/18 | Check | 42491 | N969KT, LLC | $5,000.00 |
| 06/07/18 | Check | 42513 | N969KT, LLC | 5,000.00 |
| 07/02/18 | Check | 42558 | N969KT, LLC | 5,000.00 |
| 08/31/18 | Check | 42650 | N969KT, LLC | 5,000.00 |
| 10/19/18 | Check | 42734 | N969KT, LLC | 5,000.00 |
| 01/04/19 | Check | 42818 | N969KT, LLC | 10,000.00 |
| 01/22/19 | Check | 42840 | N969KT, LLC | 5,000.00 |
| 08/01/19 | Check | 43138 | N969KT, LLC | 30,000.00 |
| 10/11/19 | Check | 43245 | N969KT, LLC | 15,000.00 |
| 12/11/19 | Check | 43342 | N969KT, LLC | 5,000.00 |
| 01/30/20 | Check | 43437 | N969KT, LLC | 10,000.00 |
| 03/20/20 | Check | 43512 | N969KT, LLC | 10,000.00 |
| 05/27/20 | Check | 43618 | N969KT, LLC | 10,000.00 |
| 10/23/20 | Check | 43880 | N969KT, LLC | 10,000.00 |
| 12/22/20 | Check | 43937 | N969KT, LLC | 25,000.00 |
| 02/05/21 | Check | 44030 | N969KT, LLC | 5,000.00 |
| 03/15/21 | Check | 44094 | N969KT, LLC | 5,000.00 |
| 06/04/21 | Check | 44213 | N969KT, LLC | 15,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| | N969KT, LLC | | Total | $180,000.00 |

| Date | Transaction Kind | Check # | Payee | Amount |
|------|------------------|---------|-------|--------|
| 06/13/18 | Check | 42536 | SENIOR CARE CF,LLC | $50,000.00 |
| 09/12/18 | Check | 42665 | SENIOR CARE CF,LLC | 100,000.00 |
| 03/22/19 | Check | 42938 | SENIOR CARE CF,LLC | 118,000.00 |
| 10/24/19 | Check | 43250 | SENIOR CARE CF,LLC | 50,000.00 |
| 01/13/20 | Check | 43365 | SENIOR CARE CF,LLC | 40,000.00 |
| 02/19/20 | Check | 43475 | SENIOR CARE CF,LLC | 100,000.00 |
| 04/15/20 | Check | 43539 | SENIOR CARE CF,LLC | 50,000.00 |
| 06/12/20 | Check | 43628 | SENIOR CARE CF,LLC | 95,000.00 |
| 12/22/20 | Check | 43933 | SENIOR CARE CF,LLC | 114,000.00 |
| 04/12/21 | Check | 44136 | SENIOR CARE CF,LLC | 100,000.00 |
| | SENIOR CARE CF,LLC | | Total | $817,000.00 |

| Date | Transaction Kind | Check # | Payee | Outflows |
|------|------------------|---------|-------|----------|
| 07/11/19 | Check | 43110 | EAGLE HEALTHCARE LLC | $83,046.98 |
| 07/25/19 | Check | 43129 | EAGLE HEALTHCARE LLC | 176,093.96 |
| 08/26/19 | Check | 43173 | EAGLE HEALTHCARE LLC | 80,187.92 |
| 09/09/19 | Check | 43202 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 10/04/19 | Check | 43223 | EAGLE HEALTHCARE LLC | 124,570.47 |
| 11/18/19 | Check | 43309 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 12/13/19 | Check | 43351 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 01/24/20 | Check | 43429 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 05/04/20 | Check | 43576 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 05/12/20 | Check | 43592 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 07/10/20 | Check | 43697 | EAGLE HEALTHCARE LLC | 207,617.45 |
| 08/28/20 | Check | 43782 | EAGLE HEALTHCARE LLC | 182,388.40 |
| 09/11/20 | Check | 43802 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 09/30/20 | Check | 43832 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 11/02/20 | Check | 43885 | EAGLE HEALTHCARE LLC | 25,229.05 |
| 11/16/20 | Check | 43912 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 12/18/20 | Check | 43932 | EAGLE HEALTHCARE LLC | 249,140.94 |
| 03/05/21 | Check | 44081 | EAGLE HEALTHCARE LLC | 41,523.49 |
| 05/25/21 | Check | 44204 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/04/21 | Check | 44212 | EAGLE HEALTHCARE LLC | 83,046.98 |
| 06/23/21 | Check | 44222 | EAGLE HEALTHCARE LLC | 21,523.49 |
| 07/16/21 | Check | 44227 | EAGLE HEALTHCARE LLC | 20,000.00 |
| 08/03/21 | Check | 44231 | EAGLE HEALTHCARE LLC | 28,523.49 |
| | EAGLE HEALTHCARE LLC | | Total | $1,987,268.46 |